IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SCOTT BRAITHWAITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-2689-CM |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

The *pro se* plaintiff Scott Braithwaite brings this employment-discrimination action against the U.S. Department of Justice, alleging he was not hired because of his disability, sex, genetic makeup, religion, and age, and that he was sexually abused and/or harassed. He has filed a motion requesting the court appoint him counsel (ECF No. 3). For the reasons discussed below, the motion is denied.

In civil actions, such as this one, there is no constitutional right to appointed counsel.[1] The court is not obligated to appoint counsel in every employment-discrimination case.[2] The decision to appoint counsel lies solely in the court's discretion, which should be based on a determination that the circumstances are such that a denial of

---

[1] *Swafford v. Asture*, No. 12-1417-SAC, 2012 WL 5512038, at *1 (D. Kan. Nov. 14, 2012) (citing *Carper v. DeLand,* 54 F.3d 613, 616 (10th Cir. 1995) and *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989)).

[2] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

counsel would be fundamentally unfair.[3]  "In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[4]  The court also considers the efforts made by the litigant to retain his own counsel.[5]

The court does not find it appropriate to appoint counsel for plaintiff.  While it appears from plaintiff's motion that he has been diligent in his efforts to find an attorney to represent him, other factors weigh against appointing counsel.  A review of the papers prepared and filed by plaintiff indicates he is capable of presenting his case without the aid of counsel, particularly given the liberal standards governing *pro se* litigants.  It does not appear that this case presents any atypical or complex legal issues.  The court has no doubt that the district judge who is assigned to this case will have little trouble discerning the applicable law.  Finally, based on the limited factual allegations and claims presented in the complaint, plaintiff's claims do not appear meritorious.  In the end, the court concludes that this is not a case in which justice requires the appointment of counsel.  Plaintiff's

---

[3]*Id.*

[4]*Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991); *see also Joe Hand Prods., Inc. v. Tribelhorn*, No. 11-2041, 2011 WL 2516700, at *1 (D. Kan. June 23, 2011) (applying the *Long* factors to a defendant's request for appointment of counsel).

[5]*Lister v. City of Wichita, Kan.,* 666 F. App'x 709, 713 (10th Cir. 2016) (quoting *Castner,* 979 F.2d at 1420)); *Tilmon v. Polo Ralph Lauren Factory Store,* No. 17-2383-JAR, 2017 WL 3503678, at *1 (D. Kan. July 6, 2017).

19-2689-CM-3.docx

request for appointment of counsel therefore is denied.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this order, he may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion requesting the presiding U.S. district judge to review this order. A party must file any objections within the 14-day period if the party wants to have appellate review of this order.

Copies of this order shall be sent by regular mail to the *pro se* plaintiff.

IT IS SO ORDERED.

Dated November 12, 2019, at Kansas City, Kansas.

                                               s/James P. O'Hara
                                               James P. O'Hara
                                               U.S. Magistrate Judge