# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**SCOTT BRAITHWAITE,**

    **Plaintiff,**

    v.

**U.S. DEPARTMENT OF JUSTICE,**

    **Defendant.**

Case No. 19-2689-CM-JPO

## MEMORANDUM & ORDER

To assist him in pursuing various employment discrimination claims, pro se plaintiff Scott Braithwaite moved the court to appoint him counsel. (*See generally* Doc. 3.) On November 12, 2019, Magistrate Judge James P. O'Hara denied plaintiff's request, explaining that all factors but one weigh against appointing plaintiff counsel:

> The court does not find it appropriate to appoint counsel for plaintiff. While it appears from plaintiff's motion that he has been diligent in his efforts to find an attorney to represent him, other factors weigh against appointing counsel. A review of the papers prepared and filed by plaintiff indicates he is capable of presenting his case without the aid of counsel, particularly given the liberal standards governing *pro se* litigants. It does not appear that this case presents any atypical or complex legal issues. The court has no doubt that the district judge who is assigned to this case will have little trouble discerning the applicable law. Finally, based on the limited factual allegations and claims presented in the complaint, plaintiff's claims do not appear meritorious.

(Doc. 4, 2–3.) Plaintiff timely objected to this order. In his Motion Requesting U.S. District Judge to Review Order Against Count Appointed Counsel (Doc. 5), plaintiff argues that he needs appointed counsel "for activities he cannot perform because of [his] [d]isability," which he describes as "[c]ognitive, [m]ental, [p]hysical, and [s]ensory impairments" allegedly caused by exposure to "defendant's [e]lectromagnetic radiation." (*Id.*, at 1 & 3.)

Federal Rule of Civil Procedure 72(a) authorizes this court to entertain plaintiff's timely objection and set aside "any part" of Judge O'Hara's nondispositve order "that is clearly erroneous or is

-1-

contrary to law." This court, however, must affirm Judge O'Hara's order unless the entirety of the presented record leaves it "'with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1998) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Here, a review of the presented record convinces this court that Judge O'Hara made no such mistake.

Judge O'Hara's order contradicts no applicable law. For civil plaintiffs, "[t]here is no constitutional right to appointed counsel;" appointment occurs at the court's discretion. *Watson v. Hollingsworth*, 741 F. App'x 545, 553 (10th Cir. 2018) (quotations omitted). And in exercising that discretion, courts are directed to evaluate the "merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Curiale v. Hawkins*, 139 F. App'x 21, 24 (10th Cir. 2005) (quotation omitted). Correctly, Judge O'Hara employed these standards. (*See* Doc. 4, at 1–2.)

And plaintiff fails to show that Judge O'Hara clearly erred in applying those standards to his request. Again, plaintiff's objection focuses on his need for counsel to assist him with "activities" he allegedly cannot perform because of electromagnetic radiation-induced losses in brain function, sight, hearing, memory, and thought. (Doc. 5, at 1 & 3.) But plaintiff fails to specify which aspects of his case his alleged disability leaves him unable to manage without an attorney's assistance. And despite his claimed disability, this court's review of plaintiff's filings in this case and others filed by plaintiff—*Braithwaite v. Fed. Bureau of Investigation*, No. 19-cv-2363-CM-JPO (D. Kan. 2019), for example—show Judge O'Hara's observations correct. Plaintiff does appear "capable of presenting his case without the aid of counsel." (Doc. 4, at 2.) And given the seeming parallels between this action and case No. 19-cv-2363-CM-JPO—which this court dismissed only one month before plaintiff filed this action—this

court does not disagree that "plaintiff's claims do not appear meritorious." (Doc. 4, at 2.) Accordingly, this court finds nothing disagreeable in Judge O'Hara's order and is unconvinced that plaintiff's alleged disabilities require it to appoint him counsel.

**IT IS THEREFORE ORDERED** that the court overrules plaintiff's objections to Judge O'Hara's November 12, 2019 Order raised in his Motion Requesting U.S. District Judge to Review Order Against Count Appointed Counsel (Doc. 5).

Dated December 10, 2019, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**