UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SCOTT BRAITHWAITE,            )
                              )
            Plaintiff,        )
                              )
v.                            )    Case No. 19-2689-CM
                              )
U.S. DEPARTMENT OF JUSTICE,   )
                              )
            Defendant.        )

# **ORDER**

Defendant U.S. Department of Justice has filed a motion to stay discovery and other pretrial proceedings (ECF No. 10), pending a ruling on its motion to dismiss the complaint, or in the alternative, for summary judgment (ECF No. 8). The pro se plaintiff, Scott Braithwaite, has not filed a response to the motion to stay, and the time for doing so under D. Kan. R. 6.1(d) has run.

D. Kan. Rule 7.4 provides: "If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." Although the court could grant the motion solely on the ground that it is unopposed, the court will briefly address the merits of the motion.

It has long been the general policy in the District of Kansas not to stay discovery even if a dispositive motion is pending.[1] But four exceptions to this policy are recognized.

---

[1] *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

1

A discovery stay may be appropriate if: (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit.[2] The decision whether to stay discovery rests in the sound discretion of the district court.[3] As a practical matter, this calls for a case-by-case determination.

The court has reviewed the record, the instant motion, and the pending dispositive motion. The court concludes that a brief stay of all pretrial proceedings, including discovery and the scheduling of deadlines, is warranted until the court resolves defendant's dispositive motion. Defendant argues in its motion to dismiss that plaintiff failed to exhaust the appropriate administrative remedies, failed to follow filing deadlines, and failed to state a claim. It is improbable any further discovery would uncover new or additional facts that would affect the resolution of the dispositive motion. Therefore, additional discovery would be wasteful and burdensome for all parties involved.

In consideration of the foregoing, and upon good cause shown,

IT IS HEREBY ORDERED:

1)      The motion to stay (ECF No. 10) is granted.

---

[2] *Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297–98 (D. Kan. 1990)); *Siegert v. Gilley*, 500 U.S. 226, 232–33 (1991) ("'Until this *threshold* immunity question is resolved, discovery should not be allowed.'" (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (emphasis in original)).

[3] *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

2) All pretrial proceedings in this case, including discovery, are stayed until further order of the court.

3) Within 14 days of the ruling on the pending motion to dismiss (ECF No. 8), the pro se plaintiff and counsel for defendant shall confer and submit a Rule 26(f) planning meeting report to the undersigned's chambers.

Dated February 5, 2020, at Kansas City, Kansas.

                                             s/ James P. O'Hara
                                             James P. O'Hara
                                             U.S. Magistrate Judge