IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SCOTT BRAITHWAITE,

Plaintiff,

v. Case No. 19-2689-JWB

UNITED STATES DEPARTMENT
OF JUSTICE,

Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to dismiss or, in the alternative, for summary judgment. (Doc. 8.) The motion is fully briefed and is ripe for review. (Docs. 9, 13, 16.) For the reasons stated herein, the motion is GRANTED.

**I. Facts and Procedural History**

Plaintiff is proceeding pro se in this matter and his complaint was drafted utilizing this court's form for employment discrimination. (Doc. 1.) On that form, Plaintiff names the United States Department of Justice as the only Defendant. Plaintiff has checked boxes indicating that his claims are brought pursuant to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Americans with Disabilities Act, and the Rehabilitation Act. Plaintiff has also checked boxes indicating that Defendant failed to hire him, failed to accommodate his disability, retaliated against him, subjected him to sexual harassment and a hostile work environment, and that Defendant discriminated against his genetic information. Plaintiff alleges that the discriminatory conduct occurred from October 2010 to the present. Plaintiff states that his disability is "mental and physical disabilities." (Doc. 1 at 4.) The facts

supporting his allegations state that his disability is a "schedule A with an MBA."[1] Plaintiff alleges that an FBI supervisor, Matt Davio, illegally obtained his disability and genetic information and excluded him from a position because of the genetic testing. Another FBI agent, "Tori" reported this unlawful action. "Tori" then "made acts of sexual abuse/sexual harassment, and hostile work environment against" Plaintiff. (Doc. 1 at 5.) Plaintiff does not allege any facts in his complaint regarding how Davio "illegally" obtained this information or when this occurred. Plaintiff fails to allege a disability beyond making general allegations of having a disability. With respect to the allegations regarding Tori, Plaintiff does not allege any dates or describe the conduct that occurred.

Additionally, Plaintiff states "see exhibit of EEO Complaint and exhibits under Case No. 19-2363-CM-JPO." (Doc. 1 at 5.) The EEO Complaint was previously submitted to the FBI on February 28, 2019. On May 14, Defendant dismissed the claim as untimely and for failure to state a claim.[2] Plaintiff was informed that he could appeal the decision to the Equal Employment Opportunity Commission's Office of Federal Operations within 30 days or file a civil action within 90 days. On July 3, Plaintiff filed an action against Defendant. *See* Case No. 19-2363-CM-JPO. Plaintiff's complaint in that case was 400 pages long. On October 8, Judge Murguia dismissed Plaintiff's complaint for failure to state a claim because the complaint consisted of "repetitive lists of legal theories and conclusions with little to no factual support, plausible or otherwise." (Doc. 18 at 2, Case No. 19-2363-CM-JPO.) Judge Murguia noted that if Plaintiff were to refile, Plaintiff

---

[1] Although this is not explained, the court believes that this reference to "schedule A" pertains to 5 CFR 213.3102(u), which allows agencies to hire individuals with disabilities into open positions without competition.

[2] The court has considered the exhibits attached to Defendant's memorandum to the extent set forth in this order. Essentially, the court has considered the exhibits to identify the procedural history of Plaintiff's EEO Complaint. Defendant's motion was submitted as a motion to dismiss or, alternatively, one for summary judgment. Defendant provided Plaintiff with the required notice to a pro se plaintiff opposing summary judgment in accordance with this court's rules. D. Kan. R. 56.1. (Doc. 12.) Plaintiff has not challenged the authenticity of Defendant's exhibits and has not attempted to controvert the facts set forth by Defendant. To the extent Plaintiff's response seeks discovery in order to obtain evidence pursuant to Fed. R. Civ. P. 56(d), Plaintiff's request is denied. The court has dismissed this action for failing to comply with Rule 8. Plaintiff does not contend that he needs additional discovery to contest the procedural history of this matter and in fact admits to the relevant dates. (Doc. 13, Exh. 1 at 2.)

should use useful information in the complaint, such as "what each defendant did to him []; when the defendant did it; how the defendant's action harmed him []; and, what specific legal right the plaintiff believes the defendant violated." *Id.* at 3 (quoting *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr*., 492 F.3d 1158, 1163 (10th Cir. 2007)).

Plaintiff filed this action on November 7, 2019. Plaintiff has attached a portion of his EEO Complaint as an exhibit to his complaint. The attached portion is more than 110 pages and single spaced. (Doc. 1, Exh. 2.) This exhibit ends on page 113 of the EEO Complaint. The entirety of the EEO Complaint is 591 pages. (Doc. 9, Exh. 3A.) Viewing the portion attached to Plaintiff's complaint and the entire EEO Complaint, it appears that Plaintiff has simply attached the first 113 pages of his EEO Complaint to the complaint filed in this action. The court has considered the entirety of the EEO Complaint as it was referenced and incorporated into Plaintiff's complaint.

The EEO Complaint references several statutes, including 42 U.S.C. §§ 1981, 1983, and 1985. The EEO Complaint contains a wide range of conclusory allegations, including attempted murder, sexual assault with electrosurgery, rape with electrosurgery, internet hacking, cyber-attack, failure to accommodate disability, ongoing harassment, and hostile environment. (Doc. 1, Exh. 2 at 15-16.) In the EEO Complaint, Plaintiff asserts that he has been diagnosed by a psychologist with having "an 'actual disability.'" (Doc. 1, Exh. 2 at 17). Plaintiff makes several allegations of harassment on varying dates. For example, Plaintiff includes several allegations that certain FBI agents spied on him and monitored his computer. (Doc. 1, Exh. 2 at 18.) Plaintiff further states that FBI agents subjected him to electrosurgery in 2010 and implanted antennas in both ears. (Doc. 1, Exh. 2 at 20.) The EEO Complaint includes a significant number of allegations that span a number of years. Most of these allegations are conclusory, i.e. "acts of Discrimination and Disparate Treatment in the treatment of plaintiffs [sic], members of protected classes, in

different and less favorable manner than others." (Doc. 1, Exh. 2 at 35.) Many allegations do not even indicate that Plaintiff was the victim of the acts, i.e. "a known FBI agent lost control of his emotions and vandalizing [sic] and damages library property." (Doc. 1, Exh. 2 at 37.)

Defendant moves to dismiss on the basis that Plaintiff's complaint again fails to state a claim. Alternatively, Defendant seeks summary judgment on the basis that Plaintiff has failed to exhaust his administrative remedies and that Plaintiff failed to timely file this action.

**II. Motion to Dismiss Standards**

In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

**III. Analysis**

Federal Rule of Civil Procedure 8(a) provides a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." "Each allegation must be simple, concise, and direct." Rule 8(d)(1). Significantly, Rule 8(a) does not establish a floor but "a ceiling (the complaint must be no more than 'a short and plain statement')." *Frazier v. Ortiz*, No. 06-1286, 2007 WL 10765, at *2 (10th Cir. Jan. 3, 2007) (citing *New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957)). Only a "generalized statement of the facts" is "permissible." *Id.* Failure to comply with these pleading requirements can result in dismissal sua sponte. *Nasious*

*v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 and n. 2 (10th Cir. 2007) ("And, to be sure, a failure to satisfy Rule 8 can supply a basis for dismissal: Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure."). While pro se pleadings are construed liberally, a pro se Plaintiff must follow the federal rules of civil procedure, including Rule 8. *Windsor v. Colorado Dep't of Corr.*, 9 F. App'x 967, 969 (10th Cir. 2001) (citing *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994), *cert. denied*, 513 U.S. 1090 (1995)).

A complaint has two purposes: to provide the opposing parties fair notice of the claims against them and to allow a court to determine whether a plaintiff is entitled to relief. *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989). These purposes are thwarted when a complaint is unnecessarily long and includes "a morass of irrelevancies." *Baker v. City of Loveland*, 686 F. App'x 619, 620 (10th Cir. 2017). While Plaintiff's form complaint includes a very brief statement of facts, which are almost entirely conclusory, Plaintiff has also incorporated his EEO Complaint and the exhibits filed in his previously dismissed action. (Doc. 1 at 5.) By doing so, Plaintiff exponentially expanded his complaint to include several hundred pages of allegations. Notably, Plaintiff has already been instructed in the previous action that he is required to comply with the rules of federal procedure and that a complaint must only include a short, plain statement. Plaintiff was also instructed to only include the facts of what each defendant did, when it occurred, how he was harmed, and the legal right violated.

Plaintiff's "extended discussion of his claims [in the EEO Complaint] cloud, rather than illuminate, whatever facts and law may support his right to recovery." *Frazier*, 2007 WL 10765, at *2. Plaintiff's claims are essentially a long, convoluted, and rambling narrative rather than a

short and plain statement. Moreover, Plaintiff's EEO Complaint squanders "dozens of pages on repetitive information." *Id.* (dismissing an amended complaint in part because of the repetitive information included). It is not the job of the court or Defendant to "search through the Complaint and its voluminous exhibits to glean a clear and succinct statement of each claim for relief." *Windsor*, 9 F. App'x at 968 (quoting magistrate judge's order); *see also Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) ("It was not the district court's job to stitch together cognizable claims for relief from the wholly deficient pleading that [plaintiff] filed.").

Plaintiff's complaint fails to sufficiently and succinctly identify his claims and facts alleged against Defendant and the FBI agents allegedly responsible for the injuries to Plaintiff. Rather, it is a long-winded recitation of facts, conclusory allegations, and various legal quotations. Even construing Plaintiff's pro-se pleading liberally, the Court finds Plaintiff's complaint fails to comply with the "short and plain statement" requirements of Rule 8. Because the court finds that Plaintiff's complaint fails to comply with Rule 8, the court declines to address the merits of Defendant's arguments regarding the timeliness of filing and the exhaustion of administrative remedies.[3]

**IV. Conclusion**

Defendant's motion to dismiss is GRANTED. (Doc. 8.) Plaintiff's complaint is dismissed, without prejudice. Should Plaintiff file another complaint against Defendant, Plaintiff is instructed to set forth a short and plain statement of his claims in accordance with this court's rules. Failure to comply with Rule 8 on a subsequent complaint may result in dismissal with prejudice.

IT IS SO ORDERED this 26th day of February, 2020.

s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE

[3] The court declines to consider the merits of the arguments, in part, because it is unable to determine whether Plaintiff is advancing additional claims against Defendant that would not be subject to exhaustion and the requirement to file the claim within 90 days of receiving the agency's decision.